LITTLE
ROCK,
Jan'y 1838.

EASON
vs.
FISHER.

## EASON *against* FISHER.

### ERROR *from Phillips Circuit Court.*

Where profert of an instrument is made in the declaration, a defendant who has craved oyer, is entitled to it before he can be required to answer.

But if he plead, he waives his right to oyer.

After an issue of fact is made up, a party is not bound to notice a demurrer filed to any previous pleading.

A warrant of joinder in demurrer is cured by verdict.

A party may add the similiter for his adversary, and if they go to trial without it, the objection is waived.

A mortgage is but a collateral security to a bond. It is neither of a higher order, nor a payment of the debt: and a plea which states, not in direct terms, that the defendant paid the debt, but that he paid all the sums for which the mortgage was given, is bad on general demurrer.

Where the facts have been submitted to the Court, without the intervention of a jury, it must be inferred, in the absence of any showing upon the record to the contrary, that the evidence introduced was sufficient to warrant the verdict.

*Fisher* brought his action of debt against *Eason*, in the Phillips Circuit Court, to the May term, 1834, in an action of debt upon a writing obligatory executed by *Eason* to *Sylvanus Phillips*, for $1300, due the first day of March, 1831, and assigned to *Fisher*, by *Phillips*, September 21st, 1830.

At the November term, 1834, *Eason* appeared and filed his prayer of *oyer;* his first plea, of *nil debet*, his second plea, denying the assignment, and his third plea, setting up the following facts:

That on the 22d of February, 1830, he also executed to said *Phillips* a mortgage, or deed of trust, to a certain piece of land therein mentioned, to secure the payment of the writing in the declaration mentioned, together with others; that on the 22d day of September, 1830, and before any assignment had been made on said deed of trust or mortgage, he paid to and satisfied *Phillips* "all and every, sum or sums of money for which the said mortgage or deed of trust was given;" and that satisfaction had been endorsed on said deed of trust or mortgage, by the Clerk of said court, by order of said *Phillips*, under the seal of the court and the hand of the Clerk; concluding with a verification.

At the November term, 1835, the defendant demurred to the plaintiff's declaration, and at the same time the plaintiff demurred to defendant's third plea. The defendant then withdrew his first plea,

LITTLE
ROCK,
Jan'y 1838.

EASON
vs.
FISHER.

-issue was taken on the second, and the demurrer to the third sustained, and leave given to interpose a plea of payment: and thereupon the case was submitted to the court, and the plaintiff, *Fisher*, had verdict and judgment.

HORNER, for the plaintiff in error: The first cause of error assigned is, that oyer was prayed and not granted. The instrument declared upon is under seal and made profert of; therefore the defendant had a right to oyer, and having craved it before any other plea pleaded, neither the plaintiff nor the court had a right to withhold it. See *Tidd's Practice*, 526, &c. And the defendant having afterwards filed other pleas, does not justify the withholding oyer from him. See also 1 *Chit.* 416; *Howe's Prac.* 420.

The second error assigned is, that no disposal was made of the demurrer to the plaintiff's declaration. A demurrer, like all other pleas, having been filed, must be withdrawn, avoided, or answered; neither of which was done in this case, and therefore it is error. 1st *Chit.* 656–7; *Howe's Practice*, 220.

The third error assigned is, that the demurrer of the plaintiff to defendant's third plea was heard, determined, and sustained, without having been joined in or responded to. This was certainly error, because if the defendant would not join, the plaintiff might have stricken out the plea or moved the court to do so. But the court had no right to try an issue never made by the parties, and it was error so to do. And if the court had the right to try the law arising upon this demurrer without joinder, why should not the same rule apply to the defendant's demurrer to plaintiff's declaration? 1 *Chit.* 656–7; *Howe's Prac.* 420; 1 *Tidd,* 705.

The fourth error assigned is, that the third plea of the defendant was overruled. This was a plea of payment and satisfaction, specially pleaded. It sets out in the first place, that another and higher obligation than that declared upon, had been given for the same debt, to wit, a mortgage upon land; and that that mortgage had never been assigned away, and that payment had been made upon the mortgage and full satisfaction entered, which was a discharge of the whole obligation. Why this was not a good plea, we are unable to see. A man may give several obligations and several securities for the same debt, but the obligee shall have but one satisfaction. As if several bills of exchange be drawn for the same debt, the pay-

LITTLE
ROCK,
Jan'y 1838.

EASON
vs.
FISHER.

ment of one is payment of all. So if a bond be given and a bill of exchange drawn to satisfy the bond, payment of the bill is payment and satisfaction of the bond also, and may be pleaded in an action on the bond; and so if the bond be paid, in like manner it might be pleaded to an action on the bill. So if several different individuals go security, all equally liable to be sued, payment by one would be a satisfaction for all, and may be pleaded in an action against any one of the others. And so in this case a bond was given, and a mortgage was given, both for the same debt, and the creditor had the right to sue upon either; if he had sued upon the bond and collected the money by judgment and execution, could not that be pleaded in an action to foreclose the mortgage? And so, on the other hand, if the mortgage be foreclosed, and the debt made by the sale of the land, could not that be pleaded in an action on the bond? The plaintiff certainly could have but one satisfaction.

It may be contended that as the bond does not show that a mortgage had been given for the same debt, the assignee was not presumed to know it. To this we answer that the mortgage did set out that it was given for the same debt, and the mortgage was of record, and therefore every person knew it. If, then, *Fisher* took an assignment of the bond, knowing that there was a mortgage of record for the same debt, and took no assignment of the mortgage, it was evident that he left the debt to be paid to either party, as the defendant might choose, and plead it in bar of the other. Or will it be contended that the assigning of the bond by *Phillips* to *Fisher*, was an absolute, positive, and entire cancelling of the mortgage? or is it a discharge of the mortgage? If the latter, the defendant had a right to plead it in satisfaction of the debt. If neither of these be true, then both remedies still exist, and *Phillips* had a right to sue for a foreclosure of the mortgage and *Fisher* had a right to sue on the bond; but they could have but one satisfaction, and if both had the right to sue, the defendant had the right to pay either. And as he had the right, by the terms of the contract as set out in the plaintiff's declaration, to *pay on or before* the day, he had a right to pay at any time; and as the mortgage was an incumbrance on his land and as he had no notice of the assignment, (for it is not averred that he had any,) he had a right to pay *Phillips* and discharge the mortgage and release his land from the incumbrance and plead that in an action on the bond. Either satisfaction or payment is special matter, and must

be pleaded specially; for all of which reasons the plea is good, and was wrongly overruled. 1 *Chit.* 480; 1 *Tidd,* 712–13; *Laws of Arkansas,* 433.

LITTLE
ROCK,
Jan'y 1838.

EASON
*vs.*
FISHER.

The fifth error assigned is, that after the demurrer had been sustained to the third plea, and the plea overruled, leave was given the defendant to enter a plea of payment, which plea was entered short on the record, and the plaintiff neglected to reply thereto. This being an issuable plea, the plaintiff was bound to reply thereto, and by not doing so, the plea was admitted to be true, and therefore it was error to give judgment against the defendant while this plea stood uncontradicted. 1 *Chitty* 633 and 640. As to payment before or after assignment, *Laws Ark's.* 74–5, *Steele's Dig.*

The sixth error assigned is, that the judgment was rendered without evidence. The issue made upon the second plea is, that no assignment had been made by *Phillips* to *Fisher,* as laid in the declaration; to sustain the declaration under this plea, the writing declared upon should have been produced, the assignment shown and proved, and the writing filed with the papers. The issue could be proved in no other way, and the giving judgment without this proof was error. For assignment, *Laws of Ark.* 74–5 *Steele's Dig.*

CUMMINS AND PIKE, *contra:* As to the first assignment of error, the defendant remarks that from the record it appears that the prayer of oyer, and the three pleas of the defendant were filed at the same time. A party who is entitled to oyer, is not bound to answer till it is granted, if he has demanded it. If he pleads without demanding it, he waives his claim to it. *Gould's Pl.* 439. The reason is, not only that the claim of oyer should be made, by the rules of pleading, at a certain time, but also because the only purpose in craving oyer is to demur; and after *pleading* a defendant cannot demur. For the same reason it would seem to follow that if a party pleads, and at the same time prays oyer, his prayer is a nullity. By the common law, if oyer was not granted, the defendant might sign judgment. By our statute the same end is attained. Unless oyer is given in proper time, the plaintiff is precluded from giving the paper in evidence. *Gould,* 440; *Ark's Dig.* 320. If oyer was not granted, the defendant had the right to take advantage of the failure to grant it. He did not do so. Nor has he filed any bill of exceptions. This court must therefore infer that he waived his right to oyer.

LITTLE
ROCK,
Jan'y 1838.

EASON
vs.
FISHER.

Was oyer denied? By no means. The record does not show it. The plaintiff, be it admitted, refused or neglected to give it. This neglect or refusal was not the act of the court. Error can only be for some decision of the court. Had the court refused to permit oyer to be given, and did that fact appear from the record, it would be error. This is not the case. The court never makes an order for oyer, unless the right to it is questioned. The copy is generally given voluntarily by one attorney to the other, without the intervention of the court. *Gould*, 439, note; 1 *Tidd*, 518; *Steph. Pl.* 87. Every presumption here, is in favor of the court below. This court must infer that oyer *was* given, unless the contrary appear. *Gould*, 451; 1 *Chitty's Pl.* 372.

As to the second assignment, a party cannot demur and plead at the same time. The demurrer to the declaration in this case was put in *after* the pleas were filed, and at the second term. If a party cannot plead and demur at the same time, (see *Story Pl.* 53, 341; *Lit. Set. Cas.* 509, *Patrick vs. Conrad*,) as little can he demur *after* pleading. The demurrer was a mere nullity. It was not necessary for the court to regard it, or make any decision or order about it. A demurrer must be put in before issue joined. *Gould*, 460, 472. After a party *has* answered, he cannot be admitted to say that he stops short, because he is not bound to answer. After he has denied the facts and offered an issue, he cannot admit them and say he is not bound to answer. If he does, the court will disregard the demurrer and go on with the case.

But the court did decide the demurrer. The plaintiff and defendant both demurred at the same time; one to the plea, and the other to the declaration. The plaintiff's demurrer was sustained. This, of course, decided both demurrers, and the defendant's was overruled; because on a demurrer to the plea, the court looks back to the declaration and gives judgment accordingly. *Gould*, 474.

Besides, this court is never bound to infer that the demurrer was disposed of. 5 *Litt.* 119, *Cochran's Ex'rs* vs. *Davis*. Where a plaintiff omitted to waive his demurrer, but went to trial, it was held no ground to reverse the judgment. *Story*, 368; 9 *Mars. Rep.* 533.

As to the third assignment, a similiter and a joinder in demurrer are alike. It was always the practice in England for the clerk to add both. *Steph. on Pl.* 281. A similiter may be added after verdict. 1 *Chitty* 537; 1 *Lit.* 159. The party who demurs may himself

add the joinder in demurrer. 1 *Chitty's Pl.* 644. When parties have gone to trial on a plea which has not been traversed, the traverse may be added after verdict. 1 *Chitty*, 588; 5 *Taunton* 164. A demurrer to the declaration being then pending, it was in fact a joinder in the demurrer to the plea.

As to the fourth assignment, the demurrer to the plea was rightly sustained. The object of the plea was simply to set up a payment; because the mortgage was neither a higher security, nor a satisfaction for the debt. It was but a collateral security. Considered as a plea of payment, the plea was undoubtedly bad. Every plea in bar must be certain, unambiguous, and present a distinct issue. This plea is doubtful, ambiguous, uncertain, and not issuable; besides being multifarious, argumentative, and for the most part, surplusage. It does not say in direct terms and in legal language, with sufficient certainty that the defendant had paid the debt in the declaration mentioned, or had paid the note. It only avers that he had paid all the money for which the mortgage was given. This was the issue offered. Was it such an issue as the plaintiff was in law entitled to? See *Gould*, 735; *Stephen*, 337, (n) 421, 425, 488.

Allowing the demurrer to have been wrongly sustained, the defendant has estopped himself from urging this as error. After it was sustained, he asked leave to amend by filing a plea of payment. By so doing he submitted to the judgment of the court sustaining the demurrer, and withdrew his plea. It is no longer a part of the record. If three or four declarations or pleas have been demurred to and amended in succession, those demurrers cannot be reargued here. It would be a waste of time, and could not be allowed.

As to the fifth assignment, the point here raised has been fully answered in the remarks on the third assignment. After verdict the traverse may be added. 1 *Chitty's Pl.* 588; 12 *J. R.* 353, *Coon* vs. *Whitimore.* In the cases mentioned in 2d *Saunders*, 319, *n.* 6; in *Cowp.* 407, *Sawyer* vs. *Pocock;* and 3 *Burr*, 1793, *Harvey* vs. *Peake;* and other cases referred to, the courts refused to set aside a judgment for want of a similiter.

As to the sixth assignment, it is well settled that this court will now infer that sufficient evidence *was* offered to warrant the verdict. *Gould*, 497, 498; 1 *Chitty Pl.* 360. That the law is the same where the court sits as a jury, see *Lit. Sel. Cas.* 351, 353, *Vernon* vs. *Young;* 2 *J. J. Marsh.* 253, *Logan* vs. *Donisshon;* 7 *Mon.* 454, *Herndon's*

LITTLE
ROCK,
Jan'y 1838.

EASON
*vs.*
FISHER.

*Exr's* vs. *Bartlett's Exr's.*    Errors, in fact, cannot now be taken advantage of. This court, after verdict, will suppose every thing to be right unless the contrary appear. *Story,* 72; *Stephen* 179, 180; 4 *Mon.* 42, *Jones* vs. *Williams*; 1 *Bibb,* 308, *Heydon* vs. *Lockhart's Adm.*; **3** *Marsh.* 222, *Mummy* vs. *Johnston;* 1 *Marsh.* 106, *Braxdate* vs. *Speed;* 1 *Marsh.* 233, *Trabue* vs. *Coleman.*

The plaintiff in error has no right to assert that the evidence was not offered, unless he has made that fact appear of record, by bill of exceptions, or in some other way. If illegal evidence is admitted, that fact must appear by bill of exceptions; or not being of record, it will not be ground to reverse: *Story,* 369; which is respectfuly submitted.

DICKINSON, *Judge,* delivered the opinion of the court: This was an action of debt brought on a writing obligatory, by *Fisher,* as assignee of *Sylvanus Phillips,* against *Eason.* In his defence, *Eason* craved oyer, and filed three pleas. First, *nil debet;* second, denying the assignment of said writing; and third, that *actio non* on the second day of February, 1830, he executed to *Phillips* a mortgage or deed of trust on a certain tract of land lying in said county, near the mouth of the river St. Francis, to secure the payment of the writing in the plaintiff's declaration mentioned, (together with two other notes, all bearing the same date,) by which said deed of trust or mortgage, he, the said *Eason,* conveyed to the said *Phillips,* his heirs or assigns in trust, to secure the payment of the sum above demanded on said writing, with others, a certain tract of land as aforesaid, containing 640 acres: and the said *Eason* avers that on the 22d day of September, 1830, without any assignment having been made on said deed of trust or mortgage, and before any assignment had been made upon said writing in said plaintiff's declaration mentioned, he, the said *Eason,* fully paid to and satisfied him, the said *Phillips,* all and every sum or sums of money for which the said mortgage or deed of trust was given: and he, the said *Phillips,* to wit, on the said 22d day of September, 1830, at the county aforesaid, caused the Clerk of the Circuit Court to endorse upon said deed of trust or mortgage, that he, the said *Phillips,* acknowledged the payment of the money for the said deed of trust or mortgage, and relinquished all his right, title, claim, and interest, of and to the premises mentioned in said deed; which said endorsement so made upon said deed, is under

the seal of said court, and under the hand of *Austin Rudwick*, then clerk and ex-officio recorder of said county.    Of all which profert is made, concluding with a verification, &c.    Afterwards the parties, by their attorneys, appeared.    The defendant withdrew the plea of *nil debet*, issue was taken upon the second, and a demurrer filed to the third plea.    On argument the demurrer was sustained; when leave was given the defendant to interpose the plea of payment, of which, however, he did not avail himself; and neither party requiring a jury, the case was submitted to the court for trial: whereupon, afterwards, the court being sufficiently advised of the premises, found for the plaintiff, and judgment was entered up accordingly: to reverse which the defendant in the court below prosecutes his writ, and assigns for error, first, that having craved oyer of the writing declared on, the court ought to have awarded it.    Second, that the demurrer to the declaration was not disposed of.    Third, that there was no joinder to plaintiff's demurrer.    Fourth, that the court erred in sustaining plaintiff's demurrer.    Fifth, no replication to, or disposition made of, defendant's plea of payment.    Sixth, that on the trial there was no evidence of the assignment, nor was the writing declared on produced in court.

*Margin: LITTLE ROCK, Jany 1838  EASON vs. FISHER.*

As regards the first assignment, on profert made as in this case, the defendant having craved oyer, was entitled to it before he could be required to answer; as he is supposed to be unable to plead advantageously without it.    There is no evidence that it was refused, nor is it necessary to enquire; for having afterwards filed his pleas to the action, he thereby waived all his right to oyer.    See *Gould*, 451; 1 *Chitty*, 372.    2d, The demurrer to which the plaintiff in error refers, does not appear to have been either regularly filed or entitled as of this or any other suit.    As presented to us, it could have no bearing upon these parties; and even if correct in form, it was too late.    As an issue in fact had been made up, the adverse party was not bound to notice it.    3d, The want of joinder in demurrer is cured by verdict.    The defendant below might have aded the similiter, and he waived it by going to trial.    See *Chitty*, 587, 614, 588; 5th *Taunton*, 164.    4th, This assignment demands more serious attention; for upon it the defendant below appears to have placed the most reliance; but whether the third plea to which the demurrer was sustained, was intended as a plea of payment or of satisfaction or both, we have been unable to ascertain.    It cannot be considered as a plea

LITTLE
ROCK,
Jan'y 1838.

EASON
vs.
FISHER.

of payment, and it wants the requisites of the other. It sets up a special defence that a collateral security had been given, which was neither of a higher order nor a payment of the debt. It does not, in direct terms, assert that Eason paid the debt in the declaration mentioned, but that he had paid all the money for which the mortgage or deed of trust was given. The plea is doubtful, ambiguous, and uncertain; and no distinct issue being presented, we think the demurrer correctly sustained. Stephens on Pl. 421, 425, 488, 387. The fifth assignment is without foundation, the record contains no plea of payment. After the demurrer to the third plea was sustained, leave was granted the defendant below to interpose the plea of payment, but he did not avail himself of it. Nor is the sixth objection better taken; for the facts having been submitted to the court without the intervention of a jury, we must infer, in the absence of any objection or bill of exceptions to the contrary, that the evidence introduced was sufficient to justify the finding. Gould, 497, 498; 1 Chitty, 360; Story, 72; Stephens on Pl. 179.

The judgment of the Circuit Court is therefore affirmed.